Good morning, Your Honors. Your Honors, as you know, of course, the standard of review in this case is abuse of discretion. And this is a very high hurdle, indeed, for my clients to reach. Yet from their perspective, that's exactly the way it seems that the district court dealt with this particular matter. The district court denied them the opportunity to pursue an amended complaint against the entity that they understand is ultimately responsible for the hospital negligence that occurred in this case and resulted in their sister or mother's brain damage and ultimate death. With all due respect to the lower court, to Judge Cereso, the way that she approached this matter seems arbitrary and capricious. She did not consider the series of events that led up to the discovery of the evidence that was submitted to her as to the ownership and control of the hospital facilities by Fundacion Damas, which used its subsidiary, in this case, Hospital Damas, Inc., to shield itself. First, by creating the subsidiary. Later on, by declaring that, by having that subsidiary declare bankruptcy and thereby limit its liability with respect to not only this case but many other medical malpractice cases. And then by obfuscating the nature of the relationship between them and particularly by misleading the bankruptcy court with respect to who was the entity that was properly authorized to operate the hospital in this case. Judge Cereso also focused on the fact that the evidence of this was a matter of public record but did not focus on the difficulties that were inherent in learning about this information, particularly when you had Hospital Damas, Inc., the subsidiary, representing itself as the owner and operator of the hospital at all times, including during the bankruptcy proceedings. Now, when these matters came to light, we immediately brought that to the attention of the district court and we sought an amendment to the pleadings to add that defendant. There was no bad faith. There was no intent to try and delay proceedings. There was nothing here except a genuine desire to pursue those responsible for the hospital liability in this case, which I might add is really a slam dunk hospital liability case. I mean, there was not even any experts to defend the hospital's position in this case. Counsel, Judge Cereso seemed troubled by the fact that you, by your reference, it was in the original complaint of the First Amendment complaint, you referred to the ABC Corporation, suggesting that you were aware of the likelihood that there was another player involved, another defendant who may be involved in the ownership or operation of the hospital. And yet, despite that awareness, you did nothing until you get to the bankruptcy proceedings, did nothing to determine who that ABC Corporation might be. I can tell you, Judge, in all honesty, it wasn't a matter of awareness. It's a matter of caution. I think I, as well as any other plaintiff's lawyer, will include an ABC Corporation just in case, because we never know. We're not sure. Even though the representations are made and it appears that somebody is who they say they are, you never know if something is going to come up. And thank God that we put that in there because that served to toll the statute of limitations against Fundacion Damas. It's just a matter of being cautious. It really was not a matter of having that awareness, Your Honor. That awareness did not come until much later during the bankruptcy proceedings. How long after you first learned of it did you seek to amend? Oh, immediately, Your Honor. Immediately. I think that we obtained a certification. No, that's not what I asked. Not when you obtained the certification. When you first learned of the Fundacion Damas' relationship to the hospital. Well, it was during 2011, during the bankruptcy proceedings, we learned in a peace field fashion what the relationship was. What gave us the linchpin to be able to sue Fundacion Damas was that we learned that Fundacion Damas was, for that particular year, for other years it was not, the owner of the Certificate of Need and Convenience. And how long a gap is there between your first learning of the Fundacion Damas' relationship to this to as you, in peace field fashion, to the first piece that you learn of until the time you get the certificate? It's hard to say, Your Honor. I would say all of this, I would estimate it happened within the course of the bankruptcy proceedings, which began in October of 2010, and it basically took a year for all of this to come out. So could you just explain when one possible conclusion would be that delay is a sufficient basis to uphold the district court's exercise of discretion that there was dilatory requests for amendments? And so just that year period, what is the explanation for why, from the first piece you learn of it until the filing of the amendment, what took so long to seek the amendment? Well, because the whole bankruptcy process was rife with contradictions and sort of misleading propositions by the debtor in bankruptcy. The debtor represented itself to be a subsidiary of Fundacion Damas and to be the operator of the hospital by virtue of a contract that they had with Fundacion Damas. And it was during the course of these disclosures that, in the bankruptcy proceedings, the first, of course, the plaintiffs had to file a proof of claim. Then they had to obtain the disclosures made by the debtor. So it was a process that took a while. And I can certainly understand Judge Cereso being concerned about this period of time that passed, but I think it shows sort of a fundamental misunderstanding of how this bankruptcy process works. You start out in bankruptcy with a presumption that what you're submitting to the court is correct. And in this case, what was submitted to the court was Hospital Damas Inc. is the operator of this hospital and is legally authorized to do so. The fact is that it wasn't. The fact is that it turned out that, at least for that particular year, for 2007, Hospital Damas Inc. didn't have the required documents, didn't have the license, didn't have the certificate of needed convenience. It did for other years. So it was something that came out slowly and required independent verification on the part of the plaintiffs. We had to go to the Department of Health. That in itself was a bureaucratic process that took quite some time. How long did that take? I would say, Your Honor, that that took, first of all, we had to, I mean, I really can't tell you exactly, but I'll say it. Does the record give us any indication? I don't think it really gives you any indication. But it was a months-long process to obtain this information. And the thing, the problem with Judge Sedesco's opinion is that she completely obviated all of this. She simply said, it took three years for you to figure this out. That's too long, and I'm just not going to allow it. And that, just from our client's perspective, seems like just a wrong way to approach this. So I'm trying to understand what is the, from your point of view, what is the essence of the abuse of discretion here. I mean, sometimes we'll say that a court abuses this discretion when it gives too much emphasis to one factor that should be part of the decisional process or not enough emphasis to another factor. I get the sense that you're saying that what Judge Cerezo failed to appreciate is what's at stake in this case, the nature of the claim. You said it's, if you could get to make your case against a defendant, it's a slam-dunk case on liability, that she simply failed to appreciate what, again, what is at stake for your client and gave too much emphasis just to the delay. Is that the essence of the abuse of discretion as you see it? I think so, Your Honor. And I would also add to that that I think she simply disregarded the evidence that we submitted to the court. It's very clear and very plain in her opinion where she says that we haven't submitted any evidence to show that the lease that was made between Fundacion and its subsidiary was illegal. Well, we did submit that evidence to her. And the fact is that you cannot, under Puerto Rico law, lease hospital facilities so somebody else will operate the hospital without that entity, the lessee, I guess the one who is operating the hospital, having the appropriate documentation. This was all submitted to Judge Cereso. And she inexplicably says in her, gives great emphasis to that and says that there's no evidence of that. And I simply, that is baffling to my clients because it was brought to their attention. Your Honors, my time seems to be up. I just want to say one more thing if I may. Before you sit down, though, I do have a couple of questions. Sure. So the initial complaint was filed in December of 2008. That's right. And then a subsequent, that was withdrawn. A subsequent complaint was filed in October of 2009. That's right. And in April of 2010, the period for identifying unknown defendants passed. That's right. So the judge dismissed any unknown defendants. That's right. So when you later asked to be allowed to amend, what were you able to show the court with respect to what efforts you undertook between the filing of the original complaint and when that motion to dismiss was granted, dismissing the unknown complaints? And let me tell you the point of my question. Why go through the exercise unless that puts some obligation on the shoulders of counsel to go and find out who the unknown defendants might be? Well, I think you're right, Your Honor. We really didn't do anything to find out who this unknown defendant might be. And the reason is because at all times we were led to believe that Hospital Damas, Inc., the subsidiary, was the owner and operator of the hospital. So there was no reason for us to pursue an additional defendant, which we had put in there just as a matter of caution. Sure. And so, I mean, it makes sense. You put that in, and then if something comes up during that initial period, you would pursue it. And I suppose, as has happened here, it also gives you an argument that, you know, you did try to preserve it, but nothing came to your attention. But my question really is what's the obligation on counsel to go out and seek the identity of unknown defendants? Well, I think there is an obligation on counsel, and otherwise the result is that those claims get dismissed with prejudice, as they were in this case. So then is it an answer to say that nothing sort of fell in our laps that gave us reason to go and look? Well, I think it's more accurate to say that we were led to believe that there was nothing else to pursue, because Hospital Damas, Inc. was, in fact, according to the way that they conducted themselves in the litigation, the owners and operators of the hospital. Just on that point, if I understand the substantive argument, you think that's legally impossible for them to be, right? Because they needed the certificate from the foundation. Exactly. And that is a point of law which existed throughout the entire period, Judge Howard's. That's right. So I guess just to follow up on that line of questioning, if your legal position is that the defendant you were suing could not legally have operated the hospital, why would you rely on their representations that they could, and why wouldn't you have an obligation to find the entity that, on your legal theory, was the only entity that could have been operating the hospital? Well, honestly, Judge, we didn't go out and look for the certificate of need and convenience at that time. We relied upon the representations that were made. It wasn't until the bankruptcy proceedings brought that into question that we actually went out and did further investigation. I admit we didn't do that sort of investigation initially, Your Honor. I thank you, Your Honors. If there are any further questions, I'm happy to answer them. I just want to raise one additional point, and I'll sit down, which is that the Fundacion has brought to this court a number of arguments that were not raised in the court below, and our position is that they should not be considered at this court. So, Counselor, you acknowledged at the beginning that you've got something of an uphill climb here. I just want to say that I find your answers to our questions to be forthright and very helpful, and I appreciate that. I appreciate that, Your Honor. Thank you very much. Good morning, Your Honor. My name is Roberto Ruiz Gomez. I am the attorney for Hospital Damas, Inc. In listening to Mr. San Juan's explanation of this case and some of the questions that Your Honors asked him, the one thing that remained in my mind when he was answering was, even though he might have said that he went into the filing of the amendment to the complaint when he really had the facts to do so, I believe that the evidence and the record shows otherwise. Let me explain why. The plaintiffs said in their briefs that they knew since the beginning of April 2011 that there was a bankruptcy proceeding and that Fundación Damas was part of this relationship between Fundación and Hospital Damas. And what plaintiffs did not tell you was that during the time that the case was going on in the district court, they did not do any discovery whatsoever to delve into that question. By that I mean, if he already had some knowledge early in 2011 that Fundación Damas had a relationship with the hospital, he could have done discovery in the district court early in that year and start to question what is the relationship with Hospital Damas, what is the relationship with Fundación Damas, and explain and give me the documentary evidence to support that you are the owner and operator of the hospital. There was no doubt that Hospital Damas was operating and owning the activity of medical services to patients in that hospital. The hospital did the recruitment of the nursing staff, the hospital paid the nursing staff, the hospital negotiated with the unions, the hospital provided the medical services, the hospital bought the equipment. There was no doubt whatsoever that for the allegations of this complaint, the hospital, if proven those allegations to be true, would have been vicariously liable for the actions of the physicians who were contractors in the hospital and of the nursing staff, which were employees of the hospital. Fundación had nothing to do with the operation and the activities of the hospital and precisely to the allegations of the complaint, which were that the plaintiffs were alleging that the hospital staff and the medical staff of the hospital deviated from the standards of practice of medicine and because of that deviation, the hospital was liable. Thank you very much. Good morning, your honors. Freddy Perez-Gonzalez on behalf of Fundación Damas Inc. First, we would like to rest the course of attention because we cited a case to support a point and the case, when we were in preparation, we realized that the case doesn't support that point. It wasn't a correct citation. It's at page 27 of our brief, the case of Vargas Colon versus Hospital Damas. It doesn't support the proposition for primary exclusive jurisdiction. Also, we realized that we are citing a case without translating it to support the point of primary jurisdiction of the Puerto Rico Department of Health at page 27 and we will request permission to file a translation through a letter. And also, we would like to request permission to cite a couple of cases on the point of primary exclusive jurisdiction. Counsel, may I ask you, one thing that seems lacking in Judge Cerezo's decision is any discussion of what the prejudice might be if the amended complaint is granted. Now, other than becoming embroiled in litigation that you might not want to be part of, other than perhaps having to answer to the claims against your client, what would be the prejudice to your client if at this juncture you became a defendant in the case? Well, your honor, there was a decision already from the Puerto Rico Bankruptcy Court. After the appellant conducted discovery, there was an evidentiary hearing that determined that Fundacion Damas is not the operator of the hospital. Judge Godoy from the Bankruptcy Court determined that the operator since 1987 has been Hospital Damas, Inc. So, after there was a litigation in the Bankruptcy Court, Fundacion Damas will have to defend themselves not only against this appellant. All the malpractice claimants that settled with Hospital Damas, Inc. in Bankruptcy Court are now trying to recover against Fundacion Damas. And it will be very, very prejudicial. These are two separate entities. They are non-profit corporations. And actually, the appellant settled with Hospital Damas in the District Court. And it settled according to the plan of reorganization approved by the Bankruptcy Court. So, it will be extremely prejudicial to Fundacion Damas to face not only this complaint, but the complaint of many, many other claimants that are bound by the plan of reorganization in the Bankruptcy Court. Could you just go through the timing of that, if that's the prejudice argument? When does that settlement occur? The settlement occurred right after the court dismissed the appellant's motion. The case was set for trial and there was a settlement. But since we were not counsel in the case, we are counsel for Fundacion Damas, and contrary to what Rural Council stated, we were not allowed to intervene in the lower court. So, our intervention here is as internal, because we are the party directly affected if the amendment will be granted. I understand because then you'd be a defendant. Yes. But I'm just saying, is the delay, in other words, if you were a defendant earlier, I assume you wouldn't want to be a defendant then either. But the question is, are you prejudiced by the granting of the amendment after a period of delay? And is the fact of the settlement bound up with the delay, in other words, that had they done the amendment earlier, that would have been something you would have had notice of prior to settlement? Or did the settlement occur after? That's what I'm trying to figure out. Do you follow? I don't follow your... Well, I know you don't want to be a defendant. Yes. And the question that you were asked is, how are you prejudiced, other than being a defendant, by the granting of the amendment at this late date? So, what about the fact that the amendments occurring, in your view, late prejudices you? Well, as we answered before, we will be facing dozens and dozens of complaints after there was a settlement, a plan of reorganization with Hospital Damascus. So, just getting on that timing point, I'm just trying to figure out, if they had filed the amendment in a timely manner, would that have preceded the settlement? Is that the point? Yes. So, when did the settlement occur? The settlement occurred way after they learned that Fundacion Damas had a relationship as the parent company of Hospital Damasic. The bankruptcy here was filed in October of 2010, and there were disclosures filed by Hospital Damasic as to the relationship. So, the appellant knew since late 2010 about that relationship, and he waited over two years in order to file the request for the amendment. Counselor, perhaps I misunderstood your answer to my question, but I think I should pursue it a little more. I thought you were saying that, as part of the bankruptcy proceedings, the relationship of your client to Hospital Damas came out, and so there was some litigation in the bankruptcy court as to whether your client could be held responsible for the malpractice claims that had been filed against Hospital Damas. And the court found that, no, your client would not be liable for those claims, that whatever settlement was going to be reached had to be reached with Hospital Damas. Is that correct?  And so I thought what you were saying to me was, having gone through all that in the bankruptcy court, you might have to go through that all over again. Yes, Your Honor. You are now named as a defendant in the litigation in this case. Is that – do I understand your answer? That's correct. Okay. Counsel, on those procedural matters that you mentioned at the beginning, so you have not filed a letter with us clearing up this miscitation on page 27 yet? No, Your Honor. We realize that you're in the preparation for this argument. All right, so you'll do that with a Rule 28J letter? Just clear that up. And then do you have the certified translation of the case? Yes, Your Honor. Okay. So you may submit that. Thank you very much. And then you said you would like to cite additional cases? A couple of cases on the point of – So when you submit the letter, include those cases but don't include any argument about them? No, no, just the – Thank you. Thank you very much, Your Honor. Thank you all.